UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID KENT,

              Plaintiff,              Case No. 16-cv-12053

v.                                         Honorable Thomas L. Ludington

WORLDWIDE FINANCIAL SERVICES,
INC., et al,

              Defendants.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, DENYING MOTION TO STRIKE AS MOOT, AND DISMISSING COMPLAINT**

On June 7, 2016, this suit was removed from Cheboygan County Circuit Court. ECF No. 1. In the complaint, Plaintiff David Kent challenged a mortgage foreclosure which Defendants initiated against Kent's property. *Id.* at 11–12. In his complaint, filed April 28, 2016, Kent alleged that the property was scheduled to be sold at a sheriff's sale on April 29, 2016. *Id.* at 12. Concurrent with the filing of two motions to dismiss, this case was referred to Magistrate Judge Patricia T. Morris. ECF Nos. 6, 7, 8. On November 23, 2016, David Kent submitted a notice that he had filed a petition for bankruptcy and purporting to institute an automatic stay of the litigation. ECF No. 20. On January 11, 2017, Defendants filed a motion to strike Kent's suggestion that the automatic stay applied to the case. ECF No. 21. In the motion, Defendants argue that "the automatic stay provision of the bankruptcy code does not apply to actions brought by debtors, and because Plaintiff no longer has an interest in the real property in interest in this litigation." *Id.* at 1. On January 12, 2017, the Magistrate Judge issued a report recommending that the motions to dismiss be granted, Plaintiff's complaint dismissed, and the motion to strike

the notice of the automatic stay be denied as moot. ECF No. 22. Judge Morris's report and recommendation further explained that the parties had fourteen days to file written objections to the report and recommendation and that failure to file specific objections would waive further right of appeal. *Id.* at 18.

The Chapter Seven Bankruptcy Trustee for Kent's estate timely filed objections to the report and recommendation. The Trustee asserts that a final decision in this matter should be stayed pursuant to 11 U.S.C. § 362. She also challenges aspects of Judge Morris's analysis regarding the substantive claims in Kent's suit. For the reasons stated below, the objections will be overruled, the report and recommendation will be adopted, and the complaint will be dismissed.

**I.**

In his complaint, Kent alleges that he obtained a loan from Defendant World Wide Financial Services, Inc., on property located at 572 West Shore View Lane, Indian River, Michigan 49749. Compl. at ¶ 8, ECF No. 1, Ex. A. In January 2015, Kent fell behind on his payments. *Id.* at ¶ 9. According to Kent, World Wide Financial then assigned the mortgage to Defendant CitiMortgage, Inc. *Id.* at ¶ 10. Several months later, Citimortgage assigned the mortgage to a trust administered by Defendant U.S. Bank National Association. *Id.* at ¶ 11. Kent asserts that the trust's guidelines prohibited "direct deposit of any mortgage loans" into the trust and that "the laws of the federal government regulating securitized trusts would be violated by accepting such a mortgage loan." *Id.* at ¶ 12. According to Kent, U.S. Bank accepted the assignment despite knowledge of its invalidity and commenced foreclosure by advertisement proceedings via Defendant Potestivo. *Id.* at ¶ 13.

Because U.S. Bank did not own the mortgage, Kent alleges that the foreclosure was wrongful. *See* Claim One, Compl. Kent also asserts claims for negligence and fraud/conversion arising out of the same subject matter. Specifically, Kent asserts that Defendants' affidavits asserting that they were the proper holders of the mortgage were made with fraudulent intent.

Kent also alleges, in his breach of contract claim, that Defendants breached the mortgage contract by failing to provide Kent with "a 30 day opportunity to cure past due amounts before acceleration and foreclosure" were initiated. *Id.* at ¶ 46. Finally, Kent asserts that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, because they did not have standing to foreclose on the property.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal

- 3 -

quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

The Bankruptcy Trustee has not specifically numbered or labeled her objections. The Court will construe her objections as asserting the following arguments: this case should be stayed pursuant to the automatic stay provisions of 11 U.S.C. § 362, the report and recommendation does not address the procedural defects which Kent alleges occurred, and that there are inconsistencies regarding the amount of outstanding property tax which Kent owes. These arguments will be addressed in turn.

### A.

The Trustee first argues that she possesses the "exclusive right to assert the debtor's claims" pursuant to 11 U.S.C. § 704(a)(1). Objs. at 2. That section authorizes the trustee to "collect and reduce the property of the estate." *Id.* According to 11 U.S.C. § 541(a)(1), the debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the estate." Kent's cause of action in this case is a legal interest and thus is part of the estate. Accordingly, the Trustee has standing to assert objections on Kent's behalf.

The Trustee asserts that this action falls under the automatic stay provision of § 362. Section 361(a)(1) provides that the automatic stay is applicable to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor*." *Id.* (emphasis added). The automatic stay also applies to "any act obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *Id.* at § 362(a)(3).

At the time Kent filed his complaint in state court, the foreclosure had already occurred and the sheriff's sale was scheduled for the next day (April 29, 2016). *See* Compl. at ¶ 14. Kent did not file a petition for bankruptcy until November 18, 2016. ECF No. 20. Thus, at the time the automatic stay went into place, the estate did not have possession of the property. At best, the estate had a legal interest in the cause of action and the possibility of relief which might flow from success on the merits. Because the property in dispute was no longer in possession of the estate, § 362(a)(3) does not apply. Likewise, § 361(a)(1) only effects an automatic stay as to judicial proceedings *against the debtor*. Kent initiated this action himself. Because the case is not proceeding against him, § 362(a)(1) does not operate to stay the case. *See Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983); *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) ("Section 362 by its terms only stays proceedings against the debtor. The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate."). Finally, because Judge Morris concluded (and this Court agrees) that Kent's claims are meritless, any legal interest that may have existed at some point has now been shown to be null and void. The automatic stay initiated by Kent filing a petition for bankruptcy does not apply to this proceeding.

**B.**

Next, the Trustee argues that the "Report and Recommendation fails to address the procedural defects that Plaintiff identifies in the pre-foreclosure process." Objs. at 5. The Trustee acknowledges that former owners are barred from "making any claims with respect to a foreclosed property after the statutory redemption period has lapsed." *Id.* (citing Mich. Comp. L. § 600.3236). Once the statutory period lapses, the foreclosure sale can be set aside only if the plaintiff shows fraud, accident, or mistake *in the foreclosure procedure itself*. *See Freeman v. Wozniak*, 241 Mich. App. 633, 637 (2000); *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 360 (6th Cir. 2013). According to the Trustee, "Plaintiff alleges that he didn't receive notice of the default and the right to cure the default," and for that reason Kent was prejudiced by Defendants' noncompliance with the relevant Michigan statutes. Objs. at 7. Specifically, the Trustee asserts that written notice of the default and right to cure was sent to the wrong address and was thus not received by Kent.

However, the Trustee also states that the written, mailed notice was required by the terms of the mortgage. Objs. at 7 ("Paragraph 15 of the mortgage between Plaintiff and World Wide Financial Services, Inc. requires written notice mailed by first class mail to the borrowers."). The Trustee has not argued that that the written notice was required by the applicable Michigan statute. And the statute in fact does not require such notice. *See Robulus v. Am. State Bank*, 258 Mich. 21, 22, 241 N.W. 831, 832 (1932) ("The sole theory of the plaintiff's case is that he was not served with notice of foreclosure, and that he supposed the mortgagee would not undertake such proceedings without notifying him. . . . The statute authorizing foreclosure by advertisement does not require actual notice to the mortgagor. It only provides for publication and the posting of notice on the premises."); *Windisch v. Mortg. Sec. Corp. of Am., of Norfolk, Va.*, 254 Mich. 492, 496 (1931) ("Plaintiffs were not entitled to actual notice, but only the

constructive notice specified in the statute."). *See also* Moss v. Keary, 231 Mich. 295, 307 (1925) (finding that the plaintiffs were not prejudiced despite the lack of notice before the foreclosure because they had notice "before the period of redemption expired and ample time to redeem").

There is no provision in the Michigan statute governing foreclosure by advertisement which requires the foreclosing party to serve actual notice on the debtor of the foreclosure. *See* Mich. Comp. L. § 600.3201, *et seq.* In fact, such a requirement would work at cross purposes with the intent of the statute: advertising the foreclosure sale beforehand is meant to provide a means of constructive notice and thus alleviate the difficulties of locating debtors. If a foreclosure by advertisement were valid only if the debtor also received actual notice, the advantages of foreclosure by advertisement would be lost. As the Trustee recognizes, a foreclosure can be set aside for irregularities only if the Defendants failed to comply with the statute. *See Bernard v. Fed. Nat. Mortg. Ass'n*, 587 F. App'x 266, 270 (6th Cir. 2014). Here, Kent has only alleged noncompliance with the mortgage contract, and that is insufficient to set aside a foreclosure.

Even if Kent had shown that Defendants did not comply with some requirement of the statute, he has not shown prejudice. *See Conlin v. Mortg. Elec. Registration Sys., Inc*., 714 F.3d 355, 361 (6th Cir. 2013) (explaining that defective foreclosure will be voided only if the plaintiff demonstrates that he or she suffered prejudice). "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id.* (internal citations omitted). Here, Kent clearly had notice of the foreclosure before the sheriff's sale occurred (as evidenced by his initiation of this suit before the sale). Accordingly, he knew of the foreclosure before the statutory

redemption period lapsed. Any potential defects in the notice provided to Kent thus did not prevent him from exercising his right to redeem the property.

**C.**

Finally, the Trustee asserts that there is a discrepancy between the amount of property tax escrow payments which Fay Servicing, Inc. charged Kent from July 27, 2015, through February 3, 2016, and the outstanding balance of Kent's property taxes according to the Cheboygan County Treasurer. Objs. at 8. Fay Servicing, Inc., is not a party to this case. There are no allegations which mention Fay Servicing in the Complaint. Even if there were, the Trustee has provided no explanation for how any discrepancy in Kent's owed property taxes raises questions about Defendants' noncompliance with the foreclosure statutes such that the foreclosure sale could be set aside. Thus, none of the Trustee's objections to Judge Morris's report and recommendation have any merit.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff Kent's Objections, ECF No. 27, are **OVERRULED.**

It is further **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 22, is **ADOPTED.**

It is further **ORDERED** that Defendants' Motions to Dismiss, ECF No. 6, 8, are **GRANTED.**

It is further **ORDERED** that Defendants' Motion to Strike, ECF No. 21, is **DENIED as moot.**

- 9 -

It is further **ORDERED** that Plaintiff Kent's Complaint, ECF No. 1, is **DISMISSED.**

Dated: March 20, 2017  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 20, 2017.

s/Kelly Winslow for
MICHAEL A. SIAN, Case Manager